UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------
JOHN J. AQUINO,
Chapter 7 Trustee,
by its assignee, Convergent              21-cv-1355 (JSR)
Distributors of Texas, LLC,
                                         ORDER
     Plaintiff-Counter-Defendant,

     -v-

ALEXANDER CAPITAL, LP, and its
Managing Partners:
JOSEPH AMATO,
ROCCO GUIDICIPIETRO, and
NESA MANAGEMENT, LLC,

     Defendants-Counter-Claimants.
------------------------------
```

JED S. RAKOFF, U.S.D.J.:

Earlier today, the Court held a hearing regarding one or more false statements contained in the Declaration of Daniel M. Glosband, Esq., ECF 53-2, submitted in support of plaintiff's opposition to defendants' motion to disqualify plaintiff's counsel, Jan Schlichtmann, Esq.[1] In a written submission filed before the hearing, Schlichtmann conceded that he authored the offending statements in the Glosband Declaration, ECF 66, and at the hearing, both Glosband and Schlichtmann conceded that at least one statement in the declaration was false and that another was misleading, if not also false, though both Glosband and Schlichtmann maintained that the making of these false or misleading statements was the result of negligence and not

---

[1] The Court denies Plaintiff's motion for reconsideration of the decision to proceed with the evidentiary hearing, ECF 69.

1

an intent to mislead. Nevertheless, there is no doubt that the Court relied on the offending statements in its August 6, 2021 denial without prejudice of the defendants' motion to disqualify Schlichtmann, ECF 49.

As the conclusion of the hearing, the Court made the following rulings from the bench, which it hereby restates:

- The Court will not refer the matter of the false statements to the U.S. Attorney's Office for possible criminal investigation, because it concludes that Schlichtmann and Glosband lacked the <u>mens rea</u> necessary to support a perjury charge. The Court will, however, consider referring this matter to the Grievance Committee of the U.S. District Court for the Southern District of New York.

- The Court now grants defendants' motion to disqualify Schlichtmann as plaintiff's counsel, ECF 49. This ruling takes effect immediately.

- The case is stayed for one week from the date of this Order to provide plaintiff with an opportunity to engage new lead counsel. However, if plaintiff does not engage new counsel within one week of this order, then the previously engaged local counsel, Stephen Z. Starr, Esq. shall be responsible for representing the plaintiff in this matter moving forward, consistent with the representation Mr. Schlichtmann made to the Court during the August 6, 2021 argument on the defendants' disqualification motion. <u>See</u> Transcript of August 6, 2021 Argument, ECF 58, at 4-5. If within the next week new counsel in fact enters an appearance, such counsel may convene a joint phone conference with Chambers to move for a limited additional stay.

- The Court grants defendants' motion to reopen discovery and to compel Mr. Schlichtmann's deposition, ECF 63. This deposition shall be scheduled for a date after new plaintiff's counsel has been engaged or the time to do so has run.

- Defendants have leave to file a renewed motion to compel production of documents from Mr. Schlichtmann and from third-party witnesses whose depositions were "facilitated" by plaintiff, pursuant to the Amended Case Management Plan. <u>See</u> ECF 63 at 4 (motion); <u>see also</u> ECF 61 § H(3) (Amended

Case Management Plan). The Court will wait to set a deadline for plaintiff's response until plaintiff has retained new counsel or the time to do so has elapsed.

- All further deadlines set forth in the Amended Case Management Plan are adjourned sine die.

SO ORDERED.

New York, NY
November 18, 2021

_____
JED S. RAKOFF, U.S.D.J.

3