```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------
| JOHN J. AQUINO, CHAPTER 7 TRUSTEE, By Its Assignee, Convergent Distributors of Texas, LLC, | 21-cv-1355 (JSR) |
| Plaintiffs, | ORDER |
| -v- | |
| ALEXANDER CAPITAL, LP, JOSEPH AMATO, ROCCO GUIDICIPIETRO, and NESA MANAGEMENT, LLC, | |
| Defendants. | |

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of Plaintiff to disqualify defense counsel. ECF 77. The Court assumes the parties' familiarity with the case's factual background, this litigation's procedural posture, and the parties' arguments. The Court, for the reasons set forth below, denies the motion to disqualify defense counsel.

Two attorneys representing Defendants in this litigation filed, on behalf of Defendant Alexander Capital LP, a "Wells submission" before the Financial Industry Regulatory Authority ("FINRA") on September 29, 2015. The essence of Plaintiff's motion is that the Wells submission made representations purportedly in tension with the testimony that the individual Defendants (Joseph Amato and Rocco Guidicipietro) gave in depositions taken for this case regarding the extent of their supervision and control over the operations of Alexander Capital during the period relevant to this litigation. See ECF 78 ("Mot.") at 7-8. Plaintiff argues that the attorneys' role in

1

preparing and filing the Wells Submission make them "materially adverse witness[es] against their client[s]." Mot. 10.

But Plaintiff does not acknowledge, let alone carry, the "heavy burden of proof [required] to prevail" on a motion to disqualify opposing counsel, Gormin v. Hubregsen, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009).[1] "[T]o disqualify an attorney based on the advocate-witness rule, a party must demonstrate that the testimony is both necessary and substantially likely to be prejudicial." Prout v. Vladeck, 316 F. Supp. 3d 784, 809 (S.D.N.Y. 2018). The movant must also prove that the opposing attorney could competently testify and provide relevant and admissible evidence. Ultimately, a motion to disqualify an attorney is committed to the discretion of the district court. See Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994).

Plaintiff nowhere states what personal knowledge the two attorneys supposedly possess regarding the information contained in the Wells Submission, which Plaintiff contends is relevant only insofar as it describes Amato and Guidicipietro's roles in operating Alexander Capital during the 2013-2015 time frame. And Plaintiff makes no effort to explain why, assuming that the attorneys had relevant personal knowledge, their testimony would be necessary, since the underlying issue concerns actions taken (or not) by their clients, who have been deposed in this litigation and are available to testify at trial. Plaintiff may also offer the Wells submission itself to establish the

---

[1] All internal quotation marks, omissions, alterations, and citations are omitted from all sources cited herein.

2

Defendants' prior representations to FINRA regarding Amato and Guidicipietro's role in operating Alexander Capital. It is clear that the "availability of other witnesses is essentially fatal to the 'necessity' prong of the disqualification inquiry." Prout, 316 F.Supp.3d at 809.

Plaintiff has therefore failed to establish that the two attorneys on the defense team are competent to testify in this proceeding, let alone that they are necessary witnesses. There is accordingly no basis for the Court to impose "the serious impact of attorney disqualification on [Defendants'] right to select counsel of [their] choice," Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981). Plaintiff's motion to disqualify defense counsel must therefore be denied.

Defendants' request for costs and fees associated with responding to this motion will be addressed, along with all other costs and fees issues, at the end of the case.

SO ORDERED.

New York, NY
December 21, 2021

_____
JED S. RAKOFF, U.S.D.J.