**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| JOHN J. AQUINO, | ) |
| CHAPTER 7 TRUSTEE | )    Case #1:21-cv-01355-JSR |
| By Its Assignee, | ) |
| Convergent Distributors of Texas, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEXANDER CAPITAL, LP | ) |
| & | ) |
| Its Managing Partners: | ) |
| JOSEPH AMATO, | ) |
| ROCCO GUIDICIPIETRO, and | ) |
| NESA MANAGEMENT, LLC | ) |
| | ) |
| Defendants | ) |

_____)

**DECLARATION OF WILLIAM C. RAND, ESQ.**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


# EXHIBIT 12

# 2020 FINRA BrokerCheck Report re ACLP



**BrokerCheck Report**

# ALEXANDER CAPITAL, L.P.

CRD# 40077

| Section Title | Page(s) |
| --- | --- |
| Report Summary | 1 |
| Firm Profile | 2 - 11 |
| Firm History | 12 |
| Firm Operations | 13 - 20 |
| Disclosure Events | 21 |



PDE0029

PL0000027313.0001



**About BrokerCheck®**

BrokerCheck offers information on all current, and many former, registered securities brokers, and all current and former registered securities firms. FINRA strongly encourages investors to use BrokerCheck to check the background of securities brokers and brokerage firms before deciding to conduct, or continue to conduct, business with them.

- **What is included in a BrokerCheck report?**
  - BrokerCheck reports for individual brokers include information such as employment history, professional qualifications, disciplinary actions, criminal convictions, civil judgments and arbitration awards. BrokerCheck reports for brokerage firms include information on a firm's profile, history, and operations, as well as many of the same disclosure events mentioned above.
  - Please note that the information contained in a BrokerCheck report may include pending actions or allegations that may be contested, unresolved or unproven. In the end, these actions or allegations may be resolved in favor of the broker or brokerage firm, or concluded through a negotiated settlement with no admission or finding of wrongdoing.
- **Where did this information come from?**
  - The information contained in BrokerCheck comes from FINRA's Central Registration Depository, or CRD® and is a combination of:
    - o information FINRA and/or the Securities and Exchange Commission (SEC) require brokers and brokerage firms to submit as part of the registration and licensing process, and
    - o information that regulators report regarding disciplinary actions or allegations against firms or brokers.
- **How current is this information?**
  - Generally, active brokerage firms and brokers are required to update their professional and disciplinary information in CRD within 30 days. Under most circumstances, information reported by brokerage firms, brokers and regulators is available in BrokerCheck the next business day.
- **What if I want to check the background of an investment adviser firm or investment adviser representative?**
  - To check the background of an investment adviser firm or representative, you can search for the firm or individual in BrokerCheck. If your search is successful, click on the link provided to view the available licensing and registration information in the SEC's Investment Adviser Public Disclosure (IAPD) website at https://www.adviserinfo.sec.gov. In the alternative, you may search the IAPD website directly or contact your state securities regulator at http://www.finra.org/Investors/ToolsCalculators/BrokerCheck/P455414.
- **Are there other resources I can use to check the background of investment professionals?**
  - FINRA recommends that you learn as much as possible about an investment professional before deciding to work with them. Your state securities regulator can help you research brokers and investment adviser representatives doing business in your state.

**Thank you for using FINRA BrokerCheck.**



Using this site/information means that you accept the FINRA BrokerCheck Terms and Conditions. A complete list of Terms and Conditions can be found at

brokercheck.finra.org



For additional information about the contents of this report, please refer to the User Guidance or www.finra.org/brokercheck. It provides a glossary of terms and a list of frequently asked questions, as well as additional resources. For more information about FINRA, visit www.finra.org.

PL0000027313.0002



## ALEXANDER CAPITAL, L.P.

CRD# 40077

SEC# 8-48957

## Main Office Location

17 STATE STREET
5TH FLOOR
NEW YORK, NY 10004
Regulated by FINRA New York Office

## Mailing Address

17 STATE STREET
5TH FLOOR
NEW YORK, NY 10004

## Business Telephone Number

2126875650

# Report Summary for this Firm

This report summary provides an overview of the brokerage firm. Additional information for this firm can be found in the detailed report.

## Firm Profile

This firm is classified as a partnership.

This firm was formed in Delaware on 11/28/1995.

Its fiscal year ends in December.

## Firm History

Information relating to the brokerage firm's history such as other business names and successions (e.g., mergers, acquisitions) can be found in the detailed report.

## Firm Operations

**This firm is registered with:**

- the SEC
- 1 Self-Regulatory Organization
- 52 U.S. states and territories

Is this brokerage firm currently suspended with any regulator? **No**

This firm conducts 12 types of businesses.

This firm is affiliated with financial or investment institutions.

This firm has referral or financial arrangements with other brokers or dealers.

## Disclosure Events

Brokerage firms are required to disclose certain criminal matters, regulatory actions, civil judicial proceedings and financial matters in which the firm or one of its control affiliates has been involved.

Are there events disclosed about this firm?    **Yes**

The following types of disclosures have been reported:

| Type | Count |
|------|-------|
| Regulatory Event | 6 |
| Arbitration | 1 |

PL0000027313.0003

www.finra.org/brokercheck

User Guidance



# Firm Profile

This firm is classified as a partnership.

This firm was formed in Delaware on 11/28/1995.

Its fiscal year ends in December.

## Firm Names and Locations

This section provides the brokerage firm's full legal name, "Doing Business As" name, business and mailing addresses, telephone number, and any alternate name by which the firm conducts business and where such name is used.

**ALEXANDER CAPITAL, L.P.**
**Doing business as ALEXANDER CAPITAL, L.P.**
**CRD#** 40077
**SEC#** 8-48957

**Main Office Location**

17 STATE STREET
5TH FLOOR
NEW YORK, NY 10004
**Regulated by FINRA New York Office**

**Mailing Address**

17 STATE STREET
5TH FLOOR
NEW YORK, NY 10004

**Business Telephone Number**

2126875650

PL0000027313.0004

# Firm Profile

This section provides information relating to all direct owners and executive officers of the brokerage firm.

## Direct Owners and Executive Officers

| | |
|---|---|
| **Legal Name & CRD# (if any):** | NESA MANAGEMENT LLC |
| **Is this a domestic or foreign entity or an individual?** | Domestic Entity |
| **Position** | PARTNER |
| **Position Start Date** | 12/2013 |
| **Percentage of Ownership** | 50% but less than 75% |
| **Does this owner direct the management or policies of the firm?** | Yes |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | JSEC INC |
| **Is this a domestic or foreign entity or an individual?** | Domestic Entity |
| **Position** | PARTNER |
| **Position Start Date** | 11/2019 |
| **Percentage of Ownership** | 10% but less than 25% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | SALKIND, CATHERINE P |
| | 7021439 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | PARTNER |
| **Position Start Date** | 09/2018 |
| **Percentage of Ownership** | 10% but less than 25% |

PL0000027313.0005

# Firm Profile



## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | SALKIND, GENE Z |
| | 7021417 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | PARTNER |
| **Position Start Date** | 09/2018 |
| **Percentage of Ownership** | 10% but less than 25% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | EDWARD O'BRIEN LLC |
| **Is this a domestic or foreign entity or an individual?** | Domestic Entity |
| **Position** | PARTNER |
| **Position Start Date** | 01/2017 |
| **Percentage of Ownership** | 5% but less than 10% |
| **Does this owner direct the management or policies of the firm?** | Yes |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | AMATO, JOSEPH ANTHONY |
| | 2751635 |

PL0000027313.0006


# Firm Profile

## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | CEO/ROP/CROP/SROP |
| **Position Start Date** | 03/2013 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | Yes |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | ANDERSEN, SHERRY LYNN |
| | 1075823 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | COMPLIANCE OFFICER |
| **Position Start Date** | 06/2020 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | DESIDERIO, JERRY ANTHONY |
| | 2799614 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | COMPLIANCE OFFICER |
| **Position Start Date** | 11/2020 |
| **Percentage of Ownership** | Less than 5% |

PL0000027313.0007



**Firm Profile**

## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | ELDREDGE, MICHAEL WILLIAM |
| | 2903014 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | BRANCH MANAGER ATL OFFICE |
| **Position Start Date** | 05/2020 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | GUIDICIPIETRO, ROCCO GERARD |
| | 2489732 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | COO ROP CROP |
| **Position Start Date** | 04/2012 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | Yes |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | MARTORANO, CARL MARIO |
| | 2286051 |

PL0000027313.0008

# Firm Profile



## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | BRANCH MANAGER/OPERATIONS MANAGER/ROP/CROP |
| **Position Start Date** | 05/2019 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | MESSINA, PAUL MICHAEL |
| | 5897543 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | GENERAL SECS PRINCIPAL, ROP, CO-MSRB PRINCIPAL |
| **Position Start Date** | 07/2018 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | MISITI, MICHELE ANN |
| | 1931272 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | CHIEF COMPLIANCE OFFICER - ROP/CROP - AML OFFICER |
| **Position Start Date** | 01/2018 |
| **Percentage of Ownership** | Less than 5% |

PL0000027313.0009

# Firm Profile

FINLA

## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | ROTH, BARBARA NMN |
| | 7200728 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | PARTNER |
| **Position Start Date** | 11/2019 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | RUGGIERE, JOSEPH A |
| | 7215712 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | PARTNER |
| **Position Start Date** | 01/2020 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | RUGGIERE, JOSEPH MATTHEW |
| | 2548108 |

©2020 FINRA. All rights reserved.   Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0010

**Firm Profile**



## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | PARTNER |
| **Position Start Date** | 11/2019 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | RUGGIERE, WAYNE NMN |
| | 7200730 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | PARTNER |
| **Position Start Date** | 11/2019 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | SKOVRONCK, JEANPAUL CHARLES |
| | 2744738 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | DESIGNATED SUPERVISOR, DEPUTY AML OFFICER |
| **Position Start Date** | 03/2016 |
| **Percentage of Ownership** | Less than 5% |

PL0000027313.0011

# Firm Profile

FINRA

## Direct Owners and Executive Officers (continued)

| | |
|---|---|
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | STAFFORD, LAWRENCE ROBERT |
| | 7046577 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | CHIEF TECHNOLOGY OFFICER |
| **Position Start Date** | 11/2018 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | SULLIVAN, THOMAS FRANCIS |
| | 1145000 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Position** | FINOP/CHIEF FINANCIAL OFFICER/CO-MSRB PRINCIPAL |
| **Position Start Date** | 05/2014 |
| **Percentage of Ownership** | Less than 5% |
| **Does this owner direct the management or policies of the firm?** | No |
| **Is this a public reporting company?** | No |

PL0000027313.0012



# Firm Profile

This section provides information relating to any indirect owners of the brokerage firm.

## Indirect Owners

| | |
|---|---|
| **Legal Name & CRD# (if any):** | AMATO, JOSEPH ANTHONY |
| | 2751635 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Company through which indirect ownership is established** | NESA MANAGEMENT LLC |
| **Relationship to Direct Owner** | BENEFICIAL OWNER |
| **Relationship Established** | 09/2012 |
| **Percentage of Ownership** | 50% but less than 75% |
| **Does this owner direct the management or policies of the firm?** | Yes |
| **Is this a public reporting company?** | No |

| | |
|---|---|
| **Legal Name & CRD# (if any):** | GUIDICIPIETRO, ROCCO GERARD |
| | 2489732 |
| **Is this a domestic or foreign entity or an individual?** | Individual |
| **Company through which indirect ownership is established** | NESA MANAGEMENT LLC |
| **Relationship to Direct Owner** | BENEFICIAL OWNER |
| **Relationship Established** | 09/2012 |
| **Percentage of Ownership** | 50% but less than 75% |
| **Does this owner direct the management or policies of the firm?** | Yes |
| **Is this a public reporting company?** | No |

PL0000027313.0013

**Firm History**

This section provides information relating to any successions (e.g., mergers, acquisitions) involving the firm.

No information reported.

PL0000027313.0014



## Firm Operations

## Registrations

This section provides information about the regulators (Securities and Exchange Commission (SEC), self-regulatory organizations (SROs), and U.S. states and territories) with which the brokerage firm is currently registered and licensed, the date the license became effective, and certain information about the firm's SEC registration.

**This firm is currently registered with the SEC, 1 SRO and 52 U.S. states and territories.**

| Federal Regulator | Status | Date Effective |
|---|---|---|
| SEC | Approved | 06/13/1996 |

## SEC Registration Questions

This firm is registered with the SEC as:

A broker-dealer:     Yes

A broker-dealer and government securities broker or dealer:   Yes

A government securities broker or dealer only:     No

This firm has ceased activity as a government securities broker or dealer:   No

| Self-Regulatory Organization | Status | Date Effective |
|---|---|---|
| FINRA | Approved | 06/13/1996 |

PL0000027313.0015

## Firm Operations

### Registrations (continued)



| U.S. States & Territories | Status | Date Effective | U.S. States & Territories | Status | Date Effective |
|---|---|---|---|---|---|
| Alabama | Approved | 10/29/2009 | North Dakota | Approved | 02/16/2010 |
| Alaska | Approved | 01/06/2010 | Ohio | Approved | 02/19/2009 |
| Arizona | Approved | 06/09/2008 | Oklahoma | Approved | 12/23/2009 |
| Arkansas | Approved | 01/10/2010 | Oregon | Approved | 01/26/2010 |
| California | Approved | 03/20/2008 | Pennsylvania | Approved | 02/27/2009 |
| Colorado | Approved | 04/04/2008 | Puerto Rico | Approved | 01/21/2010 |
| Connecticut | Approved | 03/10/2010 | Rhode Island | Approved | 01/04/2010 |
| Delaware | Approved | 06/03/2009 | South Carolina | Approved | 01/11/2010 |
| District of Columbia | Approved | 01/07/2010 | South Dakota | Approved | 12/15/2009 |
| Florida | Approved | 03/23/2010 | Tennessee | Approved | 12/11/2009 |
| Georgia | Approved | 03/16/2009 | Texas | Approved | 01/01/2009 |
| Hawaii | Approved | 02/17/2010 | Utah | Approved | 01/12/2010 |
| Idaho | Approved | 12/15/2009 | Vermont | Approved | 01/11/2010 |
| Illinois | Approved | 03/18/2009 | Virgin Islands | Approved | 01/26/2010 |
| Indiana | Approved | 01/12/2010 | Virginia | Approved | 01/15/2009 |
| Iowa | Approved | 01/06/2010 | Washington | Approved | 12/15/2009 |
| Kansas | Approved | 01/13/2010 | West Virginia | Approved | 01/11/2010 |
| Kentucky | Approved | 01/27/2010 | Wisconsin | Approved | 08/19/2009 |
| Louisiana | Approved | 01/16/2009 | Wyoming | Approved | 01/05/2010 |
| Maine | Approved | 02/08/2010 | | | |
| Maryland | Approved | 01/05/2009 | | | |
| Massachusetts | Approved | 02/25/2009 | | | |
| Michigan | Approved | 01/29/2010 | | | |
| Minnesota | Approved | 12/17/2009 | | | |
| Mississippi | Approved | 05/20/2009 | | | |
| Missouri | Approved | 01/05/2010 | | | |
| Nebraska | Approved | 01/04/2010 | | | |
| Nevada | Approved | 01/04/2009 | | | |
| New Hampshire | Approved | 01/27/2010 | | | |
| New Jersey | Approved | 05/29/2003 | | | |
| New Mexico | Approved | 01/27/2010 | | | |
| New York | Approved | 01/01/2009 | | | |
| North Carolina | Approved | 01/23/2009 | | | |

PL0000027313.0016



# Firm Operations

## Types of Business

This section provides the types of business, including non-securities business, the brokerage firm is engaged in or expects to be engaged in.

**This firm currently conducts 12 types of businesses.**

### Types of Business

| |
|---|
| Broker or dealer retailing corporate equity securities over-the-counter |
| Broker or dealer selling corporate debt securities |
| Underwriter or selling group participant (corporate securities other than mutual funds) |
| Mutual fund retailer |
| U S. government securities broker |
| Municipal securities broker |
| Broker or dealer selling variable life insurance or annuities |
| Put and call broker or dealer or option writer |
| Broker or dealer selling tax shelters or limited partnerships in primary distributions |
| Non-exchange member arranging for transactions in listed securities by exchange member |
| Trading securities for own account |
| Private placements of securities |

PL0000027313.0017



# Firm Operations

## Clearing Arrangements

This firm does not hold or maintain funds or securities or provide clearing services for other broker-dealer(s).

## Introducing Arrangements

This firm does refer or introduce customers to other brokers and dealers.

| | |
|---|---|
| **Name:** | RBC CAPITAL MARKETS, LLC |
| **CRD #:** | 31194 |
| **Business Address:** | 3 WORLD FINANCIAL CENTER<br>NEW YORK, NY  10281 |
| **Effective Date:** | 03/26/2015 |
| **Description:** | APPLICANT ACTS AS INTERMEDIARY TO A CLEARING FIRM FOR THE PURPOSE OF SETTLING ACCOUNTS FOR ANOTHER BROKER OR DEALER. |

| | |
|---|---|
| **Name:** | RBC CAPITAL MARKETS, LLC |
| **CRD #:** | 31194 |
| **Business Address:** | 3 WORLD FINANCIAL CENTER<br>NEW YORK, NY  10281 |
| **Effective Date:** | 05/23/2011 |
| **Description:** | ALEXANDER CAPITAL LP CLEARS ON A FULLY DISLOCSED CLEARING ARRANGEMENT THROUGH RBC CAPITAL MARKETS LLC |

PL0000027313.0018



## Firm Operations

### Industry Arrangements

**This firm does have books or records maintained by a third party.**

| | |
|---|---|
| **Name:** | RBC CAPITAL MARKETS, LLC |
| **CRD #:** | 31194 |
| **Business Address:** | 3 WORLD FINANCIAL CENTER<br>NEW YORK, NY  10281 |
| **Effective Date:** | 05/23/2011 |
| **Description:** | ALEXANDER CAPITAL LP HAS A FULLY DISCLOSED CLEARING ARRANGMENT WITH RBC CAPITAL MARKETS LLC |

**This firm does have accounts, funds, or securities maintained by a third party.**

| | |
|---|---|
| **Name:** | RBC CAPITAL MARKETS, LLC |
| **CRD #:** | 31194 |
| **Business Address:** | 3 WORLD FINANCIAL CENTER<br>NEW YORK, NY  10281 |
| **Effective Date:** | 05/23/2011 |
| **Description:** | ALEXANDER CAPITAL LP HAS A FULLY DISCLOSED CLEARING ARRANGEMENT WITH RBC CAPITAL MARKETS, LLC |

**This firm does have customer accounts, funds, or securities maintained by a third party.**

| | |
|---|---|
| **Name:** | RBC CAPITAL MARKETS, LLC |
| **CRD #:** | 31194 |
| **Business Address:** | 3 WORLD FINANCIAL CENTER<br>NEW YORK, NY  10281 |
| **Effective Date:** | 05/23/2011 |
| **Description:** | ALEXANDER CAPITAL, L.P. HAS A FULLY DISCLOSED CLEARING ARRANGEMENT WITH RBC CAPITAL MARKETS LLC |

### Control Persons/Financing

**This firm does not have individuals who control its management or policies through agreement.**

**This firm does not have individuals who wholly or partly finance the firm's business.**

PL0000027313.0019

# Firm Operations

**FINLA**

## Organization Affiliates

This section provides information on control relationships the firm has with other firms in the securities, investment advisory, or banking business.

**This firm is, directly or indirectly:**
· **in control of**
· **controlled by**
· **or under common control with**
the following partnerships, corporations, or other organizations engaged in the securities or investment advisory business.

**ALEXANDER CAPITAL VENTURES MGMT CO is under common control with the firm.**

| | |
|---|---|
| **Business Address:** | 17 STATE STREET, 5TH FLOOR<br>NEW YORK, NY 10004 |
| **Effective Date:** | 04/15/2016 |
| **Foreign Entity:** | No |
| **Country:** | |
| **Securities Activities:** | Yes |
| **Investment Advisory Activities:** | No |
| **Description:** | ALEXANDER CAPITAL, L.P. AND ALEXANDER CAPITAL VENTURES MGMT CO HAVE COMMON CONTROL PERSONS. MESSRS. GUIDICIPIETRO AND AMATO OWN ALEXANDER CAPITAL VENTURES MGMT CO. |

**ALEXANDER CAPITAL VENTURES is under common control with the firm.**

| | |
|---|---|
| **Business Address:** | 17 STATE STREET, 5TH FLOOR<br>NEW YORK, NY 10004 |
| **Effective Date:** | 04/15/2016 |
| **Foreign Entity:** | No |
| **Country:** | |
| **Securities Activities:** | Yes |
| **Investment Advisory Activities:** | No |
| **Description:** | ALEXANDER CAPITAL, L.P. AND ALEXANDER CAPITAL VENTURES HAVE COMMON CONTROL PERSONS. MESSRS. GUIDICIPIETRO AND AMATO OWN ALEXANDER CAPITAL VENTURES |

PL0000027313.0020

# Firm Operations

**FINIA**

## Organization Affiliates (continued)

**ARIVE CAPITAL MARKETS is under common control with the firm.**

| | |
|---|---|
| CRD #: | 8060 |
| Business Address: | 8808 5TH AVENUE<br>NEW YORK, NY 11209 |
| Effective Date: | 03/13/2015 |
| Foreign Entity: | No |
| Country: | |
| Securities Activities: | Yes |
| Investment Advisory Activities: | No |
| Description: | MESSRS. GUIDICIPIETRO AND AMATO OWN EQUITY INTERESTS IN LIBERTYVIEW HOLDINGS LLC WHICH OWNS AN EQUITY INTEREST IN ARIVE CAPITAL MARKETS LLC. |

**ALEXANDER CAPITAL WEALTH MANAGEMENT LLC is under common control with the firm.**

| | |
|---|---|
| CRD #: | 157714 |
| Business Address: | 17 STATE STREET<br>5TH FLOOR<br>NEW YORK, NY 10004 |
| Effective Date: | 05/01/2012 |
| Foreign Entity: | No |
| Country: | |
| Securities Activities: | No |
| Investment Advisory Activities: | Yes |
| Description: | ALEXANDER CAPITAL, L.P. AND ALEXANDER CAPITAL WEALTH MANAGEMENT LLC HAVE COMMON CONTROL PERSONS. MESSRS. GUIDICIPIETRO AND AMATO OWN ALEXANDER CAPITAL WEALTH MANAGEMENT LLC. |

**This firm is not directly or indirectly, controlled by the following:**

· **bank holding company**
· **national bank**
· **state member bank of the Federal Reserve System**

PL0000027313.0021

## Organization Affiliates (continued)

- **state non-member bank**
- **savings bank or association**
- **credit union**
- **or foreign bank**

PL0000027313.0022



## Disclosure Events

All firms registered to sell securities or provide investment advice are required to disclose regulatory actions, criminal or civil judicial proceedings, and certain financial matters in which the firm or one of its control affiliates has been involved. For your convenience, below is a matrix of the number and status of disclosure events involving this brokerage firm or one of its control affiliates. Further information regarding these events can be found in the subsequent pages of this report.

|  | Pending | Final | On Appeal |
|---|---|---|---|
| Regulatory Event | 0 | 6 | 0 |
| Arbitration | N/A | 1 | N/A |

©2020 FINRA. All rights reserved.    Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0023



## Disclosure Event Details

**What you should know about reported disclosure events:**

1. **BrokerCheck provides details for any disclosure event that was reported in CRD. It also includes summary information regarding FINRA arbitration awards in cases where the brokerage firm was named as a respondent.**
2. **Certain thresholds must be met before an event is reported to CRD, for example:**
   - A law enforcement agency must file formal charges before a brokerage firm is required to disclose a particular criminal event.
3. **Disclosure events in BrokerCheck reports come from different sources:**
   - Disclosure events for this brokerage firm were reported by the firm and/or regulators. When the firm and a regulator report information for the same event, both versions of the event will appear in the BrokerCheck report. The different versions will be separated by a solid line with the reporting source labeled.
4. **There are different statuses and dispositions for disclosure events:**
   - A disclosure event may have a status of *pending, on appeal,* or *final*.
     - § A "pending" event involves allegations that have not been proven or formally adjudicated.
     - § An event that is "on appeal" involves allegations that have been adjudicated but are currently being appealed.
     - § A "final" event has been concluded and its resolution is not subject to change.
   - A final event generally has a disposition of *adjudicated, settled* or *otherwise resolved*.
     - § An "adjudicated" matter includes a disposition by (1) a court of law in a criminal or civil matter, or (2) an administrative panel in an action brought by a regulator that is contested by the party charged with some alleged wrongdoing.
     - § A "settled" matter generally involves an agreement by the parties to resolve the matter. Please note that firms may choose to settle customer disputes or regulatory matters for business or other reasons.
     - § A "resolved" matter usually involves no payment to the customer and no finding of wrongdoing on the part of the individual broker. Such matters generally involve customer disputes.
5. **You may wish to contact the brokerage firm to obtain further information regarding any of the disclosure events contained in this BrokerCheck report.**

### Regulatory - Final

This type of disclosure event involves (1) a final, formal proceeding initiated by a regulatory authority (e.g., a state securities agency, self-regulatory organization, federal regulator such as the U.S. Securities and Exchange Commission, foreign financial regulatory body) for a violation of investment-related rules or regulations; or (2) a revocation or suspension of the authority of a brokerage firm or its control affiliate to act as an attorney, accountant or federal contractor.

#### Disclosure 1 of 6

| | |
|---|---|
| **Reporting Source:** | Regulator |
| **Current Status:** | Final |

©2020 FINRA. All rights reserved.   Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0024



| | |
|---|---|
| **Allegations:** | ALEXANDER CAPITAL, L.P. FAILED TO PROPERLY ENSURE CHRISTOPHER CARLIN'S REGISTRATION AS A BROKER-DEALER AGENT WITH THE FIRM AND CONDUCTED BUSINESS FROM AN UNREGISTERED BRANCH OFFICE. |
| **Initiated By:** | ARKANSAS |
| **Date Initiated:** | 11/20/2019 |
| **Docket/Case Number:** | S-19-0060 |
| **URL for Regulatory Action:** | HTTP://WWW.SECURITIES.ARKANSAS.GOV/!USERFILES/ALEXANDER%20CAPITAL,%20L_P_%20S-19-0060-19-OR01.PDF |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Civil and Administrative Penalt(ies) /Fine(s) |
| **Other Sanction(s)/Relief Sought:** | |
| **Resolution:** | Consent |
| **Resolution Date:** | 11/20/2019 |
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Sanctions Ordered:** | Monetary/Fine $15,000.00 |
| **Other Sanctions Ordered:** | |
| **Sanction Details:** | $15000.00 FINE LEVIED AGAINST ALEXANDER CAPITAL, L.P., PAID ON NOVEMBER 21, 2019. |
| **Regulator Statement** | ALEXANDER CAPITAL, L.P. FAILED TO PROPERLY ENSURE CHRISTOPHER CARLIN'S REGISTRATION AS A BROKER-DEALER AGENT WITH THE FIRM AND CONDUCTED BUSINESS FROM AN UNREGISTERED BRANCH OFFICE. |

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Current Status:** | Final |
| **Allegations:** | ALEXANDER CAPITAL, L.P. FAILED TO PROPERLY ENSURE A REGISTERED REPRESENTATIVE'S REGISTRATION AS A BROKER-DEALER AGENT WITH THE FIRM AND CONDUCTED BUSINESS FROM AN UNREGISTERED BRANCH |

©2020 FINRA. All rights reserved.   Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0025



|  | OFFICE. |
|---|---|
| **Initiated By:** | ARKANSAS |
| **Date Initiated:** | 11/20/2019 |
| **Docket/Case Number:** | S-19-0060 |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Civil and Administrative Penalt(ies) /Fine(s) |
| **Other Sanction(s)/Relief Sought:** | |
| **Resolution:** | Consent |
| **Resolution Date:** | 11/20/2019 |
| **Sanctions Ordered:** | Monetary/Fine $15,000.00 |
| **Other Sanctions Ordered:** | |
| **Sanction Details:** | ALEXANDER CAPITAL WILL CONDUCT A REVIEW OF ITS CURRENT SUPERVISORY PROVISIONS AND PRACTICES TO ENSURE VIOLATIONS STATED ABOVE DO NOT OCCUR IN THE FUTURE. $15000.00 FINE LEVIED AGAINST THE FIRM WAS PAID ON NOVEMBER 21, 2019. |
| **Firm Statement** | ALEXANDER CAPITAL WILL CONDUCT A REVIEW OF ITS CURRENT SUPERVISORY PROVISIONS AND PRACTICES TO ENSURE VIOLATIONS STATED ABOVE DO NOT OCCUR IN THE FUTURE. $15000.00 FINE LEVIED AGAINST THE FIRM WAS PAID ON NOVEMBER 21, 2019. |

### Disclosure 2 of 6

| | |
|---|---|
| **Reporting Source:** | Regulator |
| **Current Status:** | Final |
| **Allegations:** | WITHOUT ADMITTING OR DENYING THE FINDINGS, THE FIRM CONSENTED TO THE SANCTIONS AND TO THE ENTRY OF FINDINGS THAT IT CONDUCTED A SECURITIES BUSINESS WHILE BELOW ITS NET CAPITAL REQUIREMENT. THE FINDINGS STATED THAT THE FIRM'S FINOP WAS RESPONSIBLE FOR, AMONG OTHER THINGS, CALCULATING ITS NET CAPITAL AND MAINTAINING THE ACCURACY OF ITS GENERAL LEDGER, TRIAL BALANCE, AND BALANCE SHEET. FIRST, IN 2016, THE FIRM, ACTING THROUGH ITS FINOP, FAILED TO RECOGNIZE THAT ITS MINIMUM NET CAPITAL REQUIREMENT INCREASED FROM THE MINIMUM REQUIREMENT OF $5,000 TO $50,000. SECOND, THE FIRM, ACTING THROUGH ITS FINOP, |

PL0000027313.0026

[www.finra.org/brokercheck](www.finra.org/brokercheck)



User Guidance

INCLUDED DIFFERENT TYPES OF NON-ALLOWABLE RECEIVABLES IN THE FIRM'S CAPITAL COMPUTATIONS. THESE RECEIVABLES WERE REFERRAL FEES FROM AN AFFILIATED FUND, RECEIVABLES FROM THE OVER-PAYMENT OF RENT TO THE FIRM'S PARENT COMPANY AND A TRADE ERROR RECEIVABLE WHICH WAS BOOKED AS ALLOWABLE BASED ON A REPRESENTATION THAT THE REGISTERED REPRESENTATIVE WAS GOING TO REIMBURSE THE FIRM. EACH OF THESE RECEIVABLES IS NON-ALLOWABLE FOR NET CAPITAL PURPOSES BECAUSE THEY ARE UNSECURED, NON-GUARANTEED RECEIVABLES WITH NO OFFSETTING PAYABLES. THE FINOP MISCLASSIFIED THESE RECEIVABLES IN PART BECAUSE HE FAILED TO TAKE REASONABLE STEPS TO UNDERSTAND THE NATURE OF THESE RECEIVABLES. IN 2017, THE FIRM WAS BELOW ITS MINIMUM NET CAPITAL REQUIREMENT OF $5,000 BY AMOUNTS RANGING FROM APPROXIMATELY $7,000 TO APPROXIMATELY $25.000. THESE NET CAPITAL DEFICIENCIES WERE DUE TO THE FAILURE OF THE FIRM, ACTING THROUGH ITS FINOP, TO CORRECTLY CLASSIFY CERTAIN RECEIVABLES AS NON-ALLOWABLE, INCLUDING REFERRAL FEES FROM AN AFFILIATED FUND AND OTHER INVESTMENT BANKING FEES THE FIRM HAD NOT YET RECEIVED. BETWEEN JUNE 29, 2018 AND JULY 6, 2018, THE FIRM CONDUCTED A SECURITIES BUSINESS WHILE FAILING TO MAINTAIN ITS MINIMUM NET CAPITAL REQUIREMENT OF $5.000. THE DEFICIENCY WAS DUE TO THE FAILURE OF THE FIRM, ACTING THROUGH ITS FINOP, TO PROPERLY RECORD A LIABILITY ARISING FROM AN SEC ADMINISTRATIVE PROCEEDING THAT THE FIRM DID NOT PAY UNTIL JULY 2018. THE FINDINGS ALSO STATED THAT THE FIRM'S FINOP CAUSED ITS FIRM'S BOOKS AND RECORDS TO BE INACCURATE. THE FINOP WAS RESPONSIBLE FOR THE ACCURACY OF THE FIRM'S FOCUS REPORTS. IN 2016, THE FIRM FAILED TO PREPARE ACCURATE NET CAPITAL COMPUTATIONS AND SUBMITTED INACCURATE FOCUS REPORTS, DUE TO ITS MISCLASSIFICATION OF CERTAIN RECEIVABLES AND FAILURE TO USE THE CORRECT MINIMUM REQUIRED NET CAPITAL. IN 2017, THE FIRM SUBMITTED INACCURATE FOCUS REPORTS AND FAILED TO PREPARE ACCURATE NET CAPITAL COMPUTATIONS. THESE RECORDKEEPING FAILURES STEMMED THE FIRM'S FAILURE TO CORRECTLY CLASSIFY CERTAIN INVESTMENT BANKING RECEIVABLES AS NON-ALLOWABLE. THE FIRM SUBMITTED AN INACCURATE FOCUS FILING IN 2018. THE FIRM MAINTAINED AN INACCURATE GENERAL LEDGER AND FAILED TO PREPARE ACCURATE NET CAPITAL COMPUTATIONS, DUE TO ITS FAILURE TO PROPERLY RECORD A LIABILITY ARISING FROM THE SEC ADMINISTRATIVE PROCEEDING. THE FINDINGS ALSO INCLUDED THAT THE FIRM MADE A MATERIAL CHANGE IN ITS BUSINESS OPERATIONS BY PARTICIPATING IN FIRM COMMITMENT OFFERINGS WITHOUT RECEIVING APPROVAL FROM FINRA TO DO SO. THE FIRM'S MEMBERSHIP AGREEMENT, HOWEVER, DID NOT PERMIT THE FIRM TO PARTICIPATE IN FIRM COMMITMENT OFFERINGS.

PL0000027313.0027



| | |
|---|---|
| **Initiated By:** | FINRA |
| **Date Initiated:** | 10/31/2019 |
| **Docket/Case Number:** | [2016047616401](#) |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | |
| **Other Sanction(s)/Relief Sought:** | |
| **Resolution:** | Acceptance, Waiver & Consent(AWC) |
| **Resolution Date:** | 10/31/2019 |
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Sanctions Ordered:** | Censure<br>Monetary/Fine $45,000.00 |
| **Other Sanctions Ordered:** | |
| **Sanction Details:** | THE FIRM WAS CENSURED AND FINED $45,000. |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Current Status:** | Final |
| **Allegations:** | THE FIRM AGREED TO A SETTLEMENT CONCERNING NET CAPITAL AND BOOKS AND RECORDS VIOLATIONS AS WELL AS A MATERIEL CHANGE IN BUSINESS OPERATIONS. |
| **Initiated By:** | FINRA |
| **Date Initiated:** | 10/31/2019 |
| **Docket/Case Number:** | [2016047616401](#) |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |

PL0000027313.0028



| | |
|---|---|
| **Principal Sanction(s)/Relief Sought:** | Civil and Administrative Penalt(ies) /Fine(s) |
| **Other Sanction(s)/Relief Sought:** | CENSURE |
| **Resolution:** | Acceptance, Waiver & Consent(AWC) |
| **Resolution Date:** | 10/31/2019 |
| **Sanctions Ordered:** | Censure<br>Monetary/Fine $45,000.00 |
| **Other Sanctions Ordered:** | |
| **Sanction Details:** | $45,000. FINE LEVIED AGAINST THE APPLICANT. AT THE TIME OF THIS FILING PAYMENT TERMS ARE PENDING SUBJECT TO REGULATOR AND APPLICANT AGREEMENT. |

## Disclosure 3 of 6

| | |
|---|---|
| **Reporting Source:** | Regulator |
| **Current Status:** | Final |
| **Allegations:** | SEC ADMIN RELEASE 34-83562, JUNE 29, 2018: THE SECURITIES AND EXCHANGE COMMISSION (COMMISSION) DEEMS IT APPROPRIATE AND IN THE PUBLIC INTEREST THAT PUBLIC ADMINISTRATIVE PROCEEDINGS BE, AND HEREBY ARE, INSTITUTED PURSUANT TO SECTION 15(B) OF THE SECURITIES EXCHANGE ACT OF 1934 (EXCHANGE ACT) AGAINST ALEXANDER CAPITAL, L.P. (THE FIRM). FROM 2012 THROUGH 2014, THE FIRM FAILED REASONABLY TO IMPLEMENT CERTAIN POLICIES AND PROCEDURES AND PERMITTED A LAX COMPLIANCE ENVIRONMENT IN WHICH THREE REGISTERED REPRESENTATIVES (RRS) WERE NOT REASONABLY MONITORED OR DISCIPLINED, PROCEDURES WERE NOT FOLLOWED, AND INDICATIONS OF POTENTIAL MISCONDUCT WERE NOT ACTED UPON BY THE SUPERVISORS OF THE THREE RRS. AS A RESULT, THE THREE RRS VIOLATED THE ANTIFRAUD PROVISIONS OF THE FEDERAL SECURITIES LAWS IN THEIR HANDLING OF CUSTOMER ACCOUNTS WITHOUT ANYONE AT THE FIRM PREVENTING OR DETECTING THEIR VIOLATIONS. AMONG OTHER MISCONDUCT, THE THREE RRS MADE UNSUITABLE INVESTMENT RECOMMENDATIONS TO THEIR CUSTOMERS, CHURNED THEIR CUSTOMERS' ACCOUNTS AND ENGAGED IN UNAUTHORIZED TRANSACTIONS. THE FIRM FAILED TO DEVELOP AND IMPLEMENT REASONABLE SUPERVISORY POLICIES AND PROCEDURES FOR BOTH REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY. THE FIRM FAILED TO PUT IN PLACE REASONABLE MECHANISMS FOR SUPERVISORS TO USE TO MONITOR REGISTERED REPRESENTATIVES |

PL0000027313.0029


FOR COMPLIANCE WITH THEIR REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY OBLIGATIONS. FOR BOTH REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY, THE FIRM'S SUPERVISORY SYSTEMS AND IMPLEMENTATION PROVIDED INSUFFICIENT GUIDANCE TO SUPERVISORS. IN ADDITION, THE FIRM FAILED TO IMPLEMENT REASONABLE MECHANISMS TO ADDRESS WHETHER SUPERVISORS WERE REASONABLY MONITORING THE CUSTOMER ACCOUNTS FOR REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY AND HAVING DISCUSSIONS WITH THE THREE RRS ABOUT WHY THE RRS CONCLUDED THEIR RECOMMENDATIONS WERE SUITABLE WHEN THE RECOMMENDATIONS WERE QUESTIONABLE. THE FIRM FAILED TO DEVELOP REASONABLE SYSTEMS TO IMPLEMENT ITS SUPERVISORY POLICIES AND PROCEDURES RELATED TO CHURNING AND FAILED TO DEVELOP REASONABLE SYSTEMS TO IMPLEMENT ITS SUPERVISORY POLICIES AND PROCEDURES WITH RESPECT TO UNAUTHORIZED TRADING. IF THE FIRM HAD REASONABLY DEVELOPED SYSTEMS TO IMPLEMENT THE FIRM'S POLICIES AND PROCEDURES REGARDING REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY, CHURNING AND UNAUTHORIZED TRADING, IT IS LIKELY THAT THE FIRM WOULD HAVE PREVENTED AND DETECTED THE VIOLATIONS OF THE FEDERAL SECURITIES LAWS BY THE THREE RRS. AS A RESULT OF THE CONDUCT DESCRIBED, THE FIRM FAILED REASONABLY TO SUPERVISE THE THREE RRS WITHIN THE MEANING OF SECTION 15(B)(4)(E) OF THE EXCHANGE ACT WITH A VIEW TO PREVENTING AND DETECTING THEIR VIOLATIONS OF SECTION 17(A) OF THE SECURITIES ACT OF 1933, SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER.

| | |
|---|---|
| **Initiated By:** | UNITED STATES SECURITIES AND EXCHANGE COMMISSION |
| **Date Initiated:** | 06/29/2018 |
| **Docket/Case Number:** | 3-18561 |
| **Principal Product Type:** | Other |
| **Other Product Type(s):** | UNSPECIFIED SECURITIES |
| **Principal Sanction(s)/Relief Sought:** | Other |
| **Other Sanction(s)/Relief Sought:** | N/A |
| **Resolution:** | Order |
| **Resolution Date:** | 06/29/2018 |

PL0000027313.0030



| | |
|---|---|
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Sanctions Ordered:** | Censure<br>Monetary/Fine $193,774.86<br>Disgorgement/Restitution |
| **Other Sanctions Ordered:** | PREJUDGMENT INTEREST; UNDERTAKINGS |
| **Sanction Details:** | THE FIRM IS CENSURED, SHALL PAY DISGORGEMENT OF $193,774.86, PREJUDGMENT INTEREST OF $23,436.78, CIVIL PENALTIES OF $193,774.86, AND SHALL COMPLY WITH THE UNDERTAKINGS ENUMERATED IN THE ORDER. |
| **Regulator Statement** | IN ANTICIPATION OF THE INSTITUTION OF THESE PROCEEDINGS, THE FIRM HAS SUBMITTED AN OFFER OF SETTLEMENT (THE OFFER) WHICH THE COMMISSION HAS DETERMINED TO ACCEPT. SOLELY FOR THE PURPOSE OF THESE PROCEEDINGS AND ANY OTHER PROCEEDINGS BROUGHT BY OR ON BEHALF OF THE COMMISSION, OR TO WHICH THE COMMISSION IS A PARTY, AND WITHOUT ADMITTING OR DENYING THE FINDINGS, THE FIRM CONSENTS TO THE ENTRY OF THIS ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(B) OF THE SECURITIES EXCHANGE ACT OF 1934, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS (ORDER). THE FIRM FAILED REASONABLY TO SUPERVISE REGISTERED REPRESENTATIVES WITHIN THE MEANING OF SECTION 15(B)(4)(E) OF THE EXCHANGE ACT WITH A VIEW TO PREVENTING AND DETECTING THEIR VIOLATIONS OF SECTION 17(A) OF THE SECURITIES ACT OF 1933, SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER. IN VIEW OF THE FOREGOING, THE COMMISSION DEEMS IT APPROPRIATE AND IN THE PUBLIC INTEREST TO IMPOSE THE SANCTIONS AGREED TO IN THE FIRM'S OFFER. ACCORDINGLY, PURSUANT TO SECTION 15(B)(4) OF THE EXCHANGE ACT, IT IS HEREBY ORDERED THAT THE FIRM IS CENSURED, SHALL PAY DISGORGEMENT OF $193,774.86, PREJUDGMENT INTEREST OF $23,436.78, CIVIL PENALTIES OF $193,774.86, AND SHALL COMPLY WITH THE UNDERTAKINGS ENUMERATED IN THE ORDER. |

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Current Status:** | Final |
| **Allegations:** | SEC ADMIN RELEASE 34-83562, JUNE 29, 2018: THE SECURITIES AND EXCHANGE COMMISSION (COMMISSION) DEEMS IT APPROPRIATE AND IN |

PL0000027313.0031


THE PUBLIC INTEREST THAT PUBLIC ADMINISTRATIVE PROCEEDINGS BE, AND HEREBY ARE, INSTITUTED PURSUANT TO SECTION 15(B) OF THE SECURITIES EXCHANGE ACT OF 1934 (EXCHANGE ACT) AGAINST ALEXANDER CAPITAL, L.P. (THE FIRM). FROM 2012 THROUGH 2014, THE FIRM FAILED REASONABLY TO IMPLEMENT CERTAIN POLICIES AND PROCEDURES AND PERMITTED A LAX COMPLIANCE ENVIRONMENT IN WHICH THREE REGISTERED REPRESENTATIVES (RRS) WERE NOT REASONABLY MONITORED OR DISCIPLINED, PROCEDURES WERE NOT FOLLOWED, AND INDICATIONS OF POTENTIAL MISCONDUCT WERE NOT ACTED UPON BY THE SUPERVISORS OF THE THREE RRS. AS A RESULT, THE THREE RRS VIOLATED THE ANTIFRAUD PROVISIONS OF THE FEDERAL SECURITIES LAWS IN THEIR HANDLING OF CUSTOMER ACCOUNTS WITHOUT ANYONE AT THE FIRM PREVENTING OR DETECTING THEIR VIOLATIONS. AMONG OTHER MISCONDUCT, THE THREE RRS MADE UNSUITABLE INVESTMENT RECOMMENDATIONS TO THEIR CUSTOMERS, CHURNED THEIR CUSTOMERS' ACCOUNTS AND ENGAGED IN UNAUTHORIZED TRANSACTIONS. THE FIRM FAILED TO DEVELOP AND IMPLEMENT REASONABLE SUPERVISORY POLICIES AND PROCEDURES FOR BOTH REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY. THE FIRM FAILED TO PUT IN PLACE REASONABLE MECHANISMS FOR SUPERVISORS TO USE TO MONITOR REGISTERED REPRESENTATIVES FOR COMPLIANCE WITH THEIR REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY OBLIGATIONS. FOR BOTH REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY, THE FIRM'S SUPERVISORY SYSTEMS AND IMPLEMENTATION PROVIDED INSUFFICIENT GUIDANCE TO SUPERVISORS. IN ADDITION, THE FIRM FAILED TO IMPLEMENT REASONABLE MECHANISMS TO ADDRESS WHETHER SUPERVISORS WERE REASONABLY MONITORING THE CUSTOMER ACCOUNTS FOR REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY AND HAVING DISCUSSIONS WITH THE THREE RRS ABOUT WHY THE RRS CONCLUDED THEIR RECOMMENDATIONS WERE SUITABLE WHEN THE RECOMMENDATIONS WERE QUESTIONABLE. THE FIRM FAILED TO DEVELOP REASONABLE SYSTEMS TO IMPLEMENT ITS SUPERVISORY POLICIES AND PROCEDURES RELATED TO CHURNING AND FAILED TO DEVELOP REASONABLE SYSTEMS TO IMPLEMENT ITS SUPERVISORY POLICIES AND PROCEDURES WITH RESPECT TO UNAUTHORIZED TRADING. IF THE FIRM HAD REASONABLY DEVELOPED SYSTEMS TO IMPLEMENT THE FIRM'S POLICIES AND PROCEDURES REGARDING REASONABLE BASIS AND CUSTOMER-SPECIFIC SUITABILITY, CHURNING AND UNAUTHORIZED TRADING, IT IS LIKELY THAT THE FIRM WOULD HAVE PREVENTED AND DETECTED THE VIOLATIONS OF THE FEDERAL SECURITIES LAWS BY THE THREE RRS. AS A RESULT OF THE CONDUCT DESCRIBED, THE FIRM FAILED REASONABLY TO SUPERVISE THE THREE RRS WITHIN THE MEANING OF SECTION 15(B)(4)(E) OF THE EXCHANGE ACT WITH A VIEW TO PREVENTING AND DETECTING THEIR VIOLATIONS OF

©2020 FINRA. All rights reserved.    Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0032



SECTION 17(A) OF THE SECURITIES ACT OF 1933, SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER.

**Initiated By:**  UNITED STATES SECURITIES AND EXCHANGE COMMISSION

**Date Initiated:**  02/02/2017

**Docket/Case Number:**  3-18561

**Principal Product Type:**  No Product
**Other Product Type(s):**

**Principal Sanction(s)/Relief Sought:**  Disgorgement

**Other Sanction(s)/Relief Sought:**  PREJUDGEMENT INTEREST, UNDERTAKINGS

**Resolution:**  Order

**Resolution Date:**  06/29/2018

**Sanctions Ordered:**  Censure
Monetary/Fine $193,774.86
Disgorgement/Restitution

**Other Sanctions Ordered:**

**Sanction Details:**  THE FIRM IS CENSURED, SHALL PAY DISGORGEMENT OF $193,774.86, PREJUDGMENT INTEREST OF $23,436.78, CIVIL PENALTIES OF $193,774.86, AND SHALL COMPLY WITH THE UNDERTAKINGS ENUMERATED IN THE ORDER.

**Firm Statement**  IN ANTICIPATION OF THE INSTITUTION OF THESE PROCEEDINGS, THE FIRM HAS SUBMITTED AN OFFER OF SETTLEMENT (THE OFFER) WHICH THE COMMISSION HAS DETERMINED TO ACCEPT. SOLELY FOR THE PURPOSE OF THESE PROCEEDINGS AND ANY OTHER PROCEEDINGS BROUGHT BY OR ON BEHALF OF THE COMMISSION, OR TO WHICH THE COMMISSION IS A PARTY, AND WITHOUT ADMITTING OR DENYING THE FINDINGS, THE FIRM CONSENTS TO THE ENTRY OF THIS ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(B) OF THE SECURITIES EXCHANGE ACT OF 1934, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS (ORDER). THE FIRM FAILED REASONABLY TO SUPERVISE REGISTERED REPRESENTATIVES WITHIN THE MEANING OF SECTION 15(B)(4)(E) OF THE EXCHANGE ACT WITH A VIEW TO PREVENTING AND DETECTING THEIR VIOLATIONS OF SECTION 17(A) OF THE SECURITIES ACT OF 1933, SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER. IN VIEW OF THE FOREGOING, THE COMMISSION DEEMS IT APPROPRIATE AND IN THE PUBLIC INTEREST TO IMPOSE THE SANCTIONS AGREED TO IN THE FIRM'S OFFER.

PL0000027313.0033

ACCORDINGLY, PURSUANT TO SECTION 15(B)(4) OF THE EXCHANGE ACT, IT IS HEREBY ORDERED THAT THE FIRM IS CENSURED, SHALL PAY DISGORGEMENT OF $193,774.86, PREJUDGMENT INTEREST OF $23,436.78, CIVIL PENALTIES OF $193,774.86, AND SHALL COMPLY WITH THE UNDERTAKINGS ENUMERATED IN THE ORDER.

## Disclosure 4 of 6

| | |
|---|---|
| **Reporting Source:** | Regulator |
| **Current Status:** | Final |
| **Allegations:** | WITHOUT ADMITTING OR DENYING THE FINDINGS, THE FIRM CONSENTED TO THE SANCTIONS AND TO THE ENTRY OF FINDINGS THAT IT FAILED TO DEVELOP AND IMPLEMENT AN ANTI-MONEY LAUNDERING (AML) PROGRAM THAT WAS REASONABLY DESIGNED TO ACHIEVE AND MONITOR ITS COMPLIANCE WITH REQUIREMENTS OF THE BANK SECRECY ACT AND THE IMPLEMENTING REGULATIONS THEREUNDER. THE FINDINGS STATED THAT THE FIRM FAILED TO ESTABLISH AND IMPLEMENT POLICIES AND PROCEDURES THAT COULD BE REASONABLY EXPECTED TO DETECT AND CAUSE THE REPORTING OF POTENTIALLY SUSPICIOUS ACTIVITY RELATING TO TRANSACTIONS INVOLVING THE LIQUIDATION OF HUNDREDS OF MILLIONS OF SHARES OF MICROCAP STOCKS. THE FIRM'S AML PROCEDURES WERE NOT SUFFICIENTLY TAILORED TO A MICROCAP STOCK LIQUIDATION BUSINESS AND THE ASSOCIATED REGULATORY RISKS INCLUDING THE USE OF SUCH SECURITIES BY ISSUERS, STOCK PROMOTERS AND OTHERS AFFILIATED WITH THE ISSUERS FOR MONEY LAUNDERING OR TO COMMIT SECURITIES FRAUD OR MARKET MANIPULATION. IN PARTICULAR, THE FIRM'S SYSTEM FOR REVIEWING FOR POTENTIALLY SUSPICIOUS TRADING ACTIVITY CONSISTED PRIMARILY OF ITS MANUAL REVIEW OF DAILY TRADE BLOTTERS. GIVEN THE VOLUME AND NATURE OF THE MICROCAP STOCK TRANSACTIONS BEING CONDUCTED BY TWO CUSTOMERS, THIS MANUAL REVIEW WAS NOT REASONABLY DESIGNED TO DETECT PATTERNS OF POTENTIALLY SUSPICIOUS ACTIVITY THAT MIGHT OCCUR OVER THE COURSE OF DAYS, WEEKS OR MONTHS. IN ADDITION, THE FIRM'S SYSTEM FOR DETECTING AND INVESTIGATING RED FLAGS RELATING TO THE MICROCAP STOCK ACTIVITIES OF ITS CUSTOMERS ALSO WAS UNREASONABLE. THE FIRM FAILED TO DETECT ANY OF THE CUSTOMER'S ACTIVITIES AS POTENTIALLY SUSPICIOUS NOTWITHSTANDING THE EXISTENCE OF RED FLAGS SUCH AS THE LIQUIDATION OF HUNDREDS OF MILLIONS OF SHARES OF MICROCAP STOCKS, REGULATORY INQUIRIES CONCERNING THE TRADING IN CERTAIN MICROCAP SECURITIES, SEC SUSPENSION OF TRADING ORDERS IN THE MICROCAP STOCKS BEING TRADED AND PROMOTIONAL ACTIVITY. THE FIRM ALSO FAILED TO ESTABLISH A SUPERVISORY SYSTEM, INCLUDING WSPS, THAT WAS REASONABLY DESIGNED TO ACHIEVE |

PL0000027313.0034



COMPLIANCE WITH SECTION 5 OF THE SECURITIES ACT OF 1933. THE FIRM'S WSPS FAILED TO SET FORTH GUIDANCE AS TO THE DILIGENCE OR INVESTIGATION REQUIRED TO BE PERFORMED BEFORE EXECUTING SALES OF MICROCAP SECURITIES TO VERIFY THE SECURITIES WERE REGISTERED OR SUBJECT TO A TRANSACTIONAL EXEMPTION. IN PRACTICE, THE FIRM FAILED TO CONDUCT ANY INQUIRY INTO WHETHER THE MICROCAP SECURITIES BEING LIQUIDATED WERE FREELY TRADEABLE. ACCORDINGLY, THE FIRM MADE NO DETERMINATION AS TO WHETHER THE MICROCAP STOCKS SOLD DURING THE RELEVANT PERIOD WERE REGISTERED AND FREE FROM RESTRICTION.

| | |
|---|---|
| **Initiated By:** | FINRA |
| **Date Initiated:** | 09/29/2017 |
| **Docket/Case Number:** | [2014039351101](#) |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Other |
| **Other Sanction(s)/Relief Sought:** | N/A |
| **Resolution:** | Acceptance, Waiver & Consent(AWC) |
| **Resolution Date:** | 09/29/2017 |
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Sanctions Ordered:** | Censure Monetary/Fine $80,000.00 |
| **Other Sanctions Ordered:** | UNDERTAKING |
| **Sanction Details:** | THE FIRM WAS CENSURED, FINED $80,000, AND REQUIRED TO SUBMIT A CERTIFICATION THAT ITS POLICIES, SYSTEMS AND PROCEDURES (WRITTEN AND OTHERWISE) AND TRAINING ARE REASONABLY DESIGNED WITH RESPECT TO THE FIRM'S: (1) COMPLIANCE WITH FINRA RULE 3310 AND THE REQUIREMENTS OF THE BANK SECRECY ACT AND THE REGULATIONS PROMULGATED THEREUNDER, INCLUDING, BUT NOT LIMITED TO THOSE RELATED TO MONITORING FOR, IDENTIFYING, INVESTIGATING, AND RESPONDING TO RED FLAGS OF SUSPICIOUS |

©2020 FINRA. All rights reserved.   Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0035



TRANSACTIONS IN GENERAL AND SPECIFICALLY WITH RESPECT TO MICROCAP SECURITIES; AND (2) COMPLIANCE WITH SECTION 5 OF THE SECURITIES ACT OF 1933 AND THE APPLICABLE RULES AND REGULATIONS WITH RESPECT TO THE DISTRIBUTION OF UNREGISTERED SECURITIES. FINE PAID IN FULL ON SEPTEMBER 8, 2020.

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Current Status:** | Final |
| **Allegations:** | WITHOUT ADMITTING OR DENYING THE FINDINGS, THE FIRM CONSENTED TO THE SANCTIONS AND TO THE ENTRY OF FINDINGS THAT IT FAILED TO DEVELOP AND IMPLEMENT AN ANTI-MONEY LAUNDERING (AML) PROGRAM THAT WAS REASONABLY DESIGNED TO ACHIEVE AND MONITOR ITS COMPLIANCE WITH REQUIREMENTS OF THE BANK SECRECY ACT AND THE IMPLEMENTING REGULATIONS THEREUNDER. |
| **Initiated By:** | FINRA |
| **Date Initiated:** | 09/29/2017 |
| **Docket/Case Number:** | 2014039351101 |
| **Principal Product Type:** | Penny Stock(s) |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Civil and Administrative Penalt(ies) /Fine(s) |
| **Other Sanction(s)/Relief Sought:** | CENSURE |
| **Resolution:** | Acceptance, Waiver & Consent(AWC) |
| **Resolution Date:** | 09/29/2017 |
| **Sanctions Ordered:** | Censure<br>Monetary/Fine $80,000.00 |
| **Other Sanctions Ordered:** | UNDERTAKING |
| **Sanction Details:** | $80,000 FINE LEVIED AGAINST THE APPLICANT.  AT THE TIME OF THIS UPDATE, PAYMENT TERMS ARE PENDING SUBJECT TO REGULATOR AND APPLICANT AGREEMENT. |

## Disclosure 5 of 6

| | |
|---|---|
| **Reporting Source:** | Regulator |

PL0000027313.0036



| | |
|---|---|
| **Current Status:** | Final |
| **Allegations:** | FAILURE TO SUPERVISE. ALLOWING ITS AGENTS TO TRANSACT UNAUTHORIZED BUSINESS, ALLOWING ITS AGENTS UNAUTHORIZED USE OF MARGIN, CHARGING EXCESSIVE FEES, ALLOWING DISCRETIONARY TRADING WITHOUT AUTHORIZATION, ALLOWING ITS AGENTS TO MAKE UNSUITABLE RECOMMENDATIONS TO CLIENTS, AND ALLOWING ITS AGENTS TO CHURN CLIENT ACCOUNTS. FAILURE TO COMPLY WITH A CONDITION IMPOSED BY THE MONTANA SECURITIES COMMISSIONER (HEIGHTENED SUPERVISION AGREEMENT) IN REGARDS TO SALESPERSON RYAN MURNANE. FILING FALSE INFORMATION WITH THE MONTANA SECURITIES COMMISSIONER. ALLOWING A SALESPERSON TO TRANSACT BUSINESS IN MONTANA WITHOUT REGISTRATION. |
| **Initiated By:** | MONTANA |
| **Date Initiated:** | 08/02/2016 |
| **Docket/Case Number:** | SEC-2016-106 |
| **URL for Regulatory Action:** | |
| **Principal Product Type:** | Equity Listed (Common & Preferred Stock) |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Revocation |
| **Other Sanction(s)/Relief Sought:** | RESTITUTION. FINES. |
| **Resolution:** | Order |
| **Resolution Date:** | 10/09/2018 |
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Sanctions Ordered:** | Monetary/Fine $100,000.00 Disgorgement/Restitution |
| **Other Sanctions Ordered:** | RESTITUTION IN THE AMOUNT OF $106,339.00 |
| **Sanction Details:** | NONE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **Reporting Source:** | Firm |

©2020 FINRA. All rights reserved.   Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0037



| | |
|---|---|
| **Current Status:** | Final |
| **Allegations:** | FALURE TO SUPERVISE , ALLOWING ITS AGENTS TO TRANSACT UNAUTHORIZED BUSINESS ALLOWING ITS AGENTS UNAUTHORIZED USE OF MARGIN, CHARGING EXCESSIVE FEES , ALLOWING DISCRETIONARY TRADING WITHOUTAUTHORIZATION ALLOWING ITS AGENTS TO MAKE UNSUITABLE RECOMMENDATIONS TO CLIENTS, AND ALLOWING ITS AGENTS TO CHURN CLIENT ACCOUNTS |
| **Initiated By:** | MONTANA |
| **Date Initiated:** | 08/02/2016 |
| **Docket/Case Number:** | SEC-2016-106 |
| **Principal Product Type:** | Equity - OTC |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Restitution |
| **Other Sanction(s)/Relief Sought:** | FINE |
| **Resolution:** | Settled |
| **Resolution Date:** | 10/09/2018 |
| **Sanctions Ordered:** | Monetary/Fine $100,000.00 Disgorgement/Restitution |
| **Other Sanctions Ordered:** | |
| **Sanction Details:** | RESTITUTION OF $106,339.00.  LEVIED AGAINST APPLICANT IN ITS ENTIRETY.  PAID 10/9/2018.  FINE OF $100,000 LEVIED AGAINST APPLICANT IN ITS ENTIRETY.  PAID 10/9/2018. |
| **Firm Statement** | SETTLING APPLICANT NEITHER ADMITS NOR DENIES THE ALLEGATIONS. ANY ALLEGATIONS AGAINST FIRM CONTROL AFFILIATES OR EMPLOYEES WERE DISMISSED WITHOUT PREJUDICE. |

### Disclosure 6 of 6

| | |
|---|---|
| **Reporting Source:** | Regulator |
| **Current Status:** | Final |
| **Allegations:** | RESPONDENT ALEXANDER CAPITAL, L.P. FAILED TO PAY FEES OF $4,330 DUE TO FINRA AS A RESULT OF AN ANNUAL ASSESSMENT. |
| **Initiated By:** | FINRA |

PL0000027313.0038



| | |
|---|---|
| **Date Initiated:** | 08/10/2011 |
| **Docket/Case Number:** | N/A |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Suspension |
| **Other Sanction(s)/Relief Sought:** | |
| **Resolution:** | Other |
| **Resolution Date:** | 09/27/2011 |
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Sanctions Ordered:** | Suspension |
| **Other Sanctions Ordered:** | |
| **Sanction Details:** | PURSUANT TO FINRA RULE 9553, ALEXANDER CAPITAL, L.P. MEMBERSHIP WITH FINRA WAS SUSPENDED AS OF SEPTEMBER 27, 2011 FOR FAILURE TO PAY OUTSTANDING FEES. SUSPENSION LIFTED OCTOBER 6, 2011. |

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Current Status:** | Final |
| **Allegations:** | FAILURE TO PAY ASSESSMENT FEES ON TIME |
| **Initiated By:** | FINRA REGULATION INC |
| **Date Initiated:** | 08/10/2011 |
| **Docket/Case Number:** | MRG0047623 |
| **Principal Product Type:** | No Product |
| **Other Product Type(s):** | |
| **Principal Sanction(s)/Relief Sought:** | Suspension |

PL0000027313.0039



**Other Sanction(s)/Relief Sought:**

| | |
|---|---|
| **Resolution:** | Other |
| **Resolution Date:** | 09/27/2011 |
| **Sanctions Ordered:** | Suspension |

**Other Sanctions Ordered:**

**Sanction Details:**    ASSESSMENT FEES WERE PAID IMMEDIATLEY UPON NOTIFICATION FROM FINRA  FIRM WAS SUSPENDED WITHOUT NOTIFICATION FOR PAYING ASSESSMENT FEES LATE.

**Firm Statement**    ALL ASSESSMENT FEES WERE PAID ON IMMEDIATLEY ON 10/06/2011 UPON NOTIFICATION FROM OUR DISTRICT OFFICE.

PL0000027313.0040

## Arbitration Award - Award / Judgment

Brokerage firms are not required to report arbitration claims filed against them by customers; however, BrokerCheck provides summary information regarding FINRA arbitration awards involving securities and commodities disputes between public customers and registered securities firms in this section of the report.
 The full text of arbitration awards issued by FINRA is available at www.finra.org/awardsonline.

### Disclosure 1 of 1

| | |
|---|---|
| Reporting Source: | Regulator |
| Type of Event: | ARBITRATION |
| Allegations: | ACCOUNT ACTIVITY-BRCH OF FIDUCIARY DT; ACCOUNT ACTIVITY-CHURNING; ACCOUNT ACTIVITY-FRAUD; ACCOUNT ACTIVITY-SUITABILITY; ACCOUNT ACTIVITY-UNAUTHORIZED TRADING |
| Arbitration Forum: | FINRA |
| Case Initiated: | 06/14/2019 |
| Case Number: | 19-01497 |
| Disputed Product Type: | COMMON STOCK; EXCHANGE-TRADED FUNDS |
| Sum of All Relief Requested: | $68,158.00 |
| Disposition: | AWARD AGAINST PARTY |
| Disposition Date: | 11/11/2019 |
| Sum of All Relief Awarded: | $10,141.00 |

There may be a non-monetary award associated with this arbitration.
Please select the Case Number above to view more detailed information.

PL0000027313.0041



**End of Report**

**This page is intentionally left blank.**

©2020 FINRA. All rights reserved.   Report about ALEXANDER CAPITAL, L.P.

PL0000027313.0042