UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN J. AQUINO, <br> CHAPTER 7 TRUSTEE <br> By Its Assignee, <br> Convergent Distributors of Texas, LLC <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER CAPITAL, LP <br> & <br> Its Managing Partners: <br> JOSEPH AMATO, <br> ROCCO GUIDICIPIETRO, and <br> NESA MANAGEMENT, LLC <br><br> Defendants | Case #1:21-cv-01355-JSR |

**DECLARATION OF WILLIAM C. RAND, ESQ.
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

# EXHIBIT 21

# June 11, 2015 FINRA "Restriction" Ltr to ACLP

**FINRA**
Financial Industry Regulatory Authority

June 11, 2015

**Via electronic mail:** rcarmel@srff.com

Mr. Ross Carmel, Associate
Sichenzia Ross Friedman Ference LLP
61 Broadway, 32nd Floor
New York, NY 10006

RE:   Continuing Membership Application of Alexander Capital, LP
       CRD No. 40077 / Application No. 20150457044

Dear Mr. Carmel:

On June 3, 2015, FINRA's Membership Application Program ("Staff") received a Continuing Membership Application ("Application") for Alexander Capital, LP (the "Firm"), which requested approval (a) for an ownership change; (b) to engage in firm commitment underwriting; (c) to engage in proprietary trading; (d) in connection with its business expansion, increase its statutory net capital requirement to $100,000; (e) to increase the number of associated persons from 50 to 100; and in connection therewith, (f) modify the restriction in its membership agreement, limiting the Firm to 50 associated persons.

While NASD Rule 1017(c)(1) provides that a member may effect a change in ownership or control prior to the conclusion of the proceeding, the rule also specifies that the Staff may place interim restriction(s) on the member based upon the Standards in NASD Rule 1014, pending final action. Therefore, the Staff hereby imposes the following interim restrictions pursuant to Rule 1017(c):

1. The Firm is prohibited from affecting any portion of the aforementioned ownership change. The Firm is also prohibited from affecting any additional changes in ownership, regardless of percentage amount.

2. The Firm is prohibited from making any changes or expansions to its business activities, including the addition of any associated persons and/or offices.

The above interim restrictions are effective immediately and shall remain in full force and effect until the earlier of: (i) approval of the Application or (ii) (a) Staff determines, in its sole discretion, to lift the interim restrictions and (b) lifts the interim restrictions, in writing.

These restrictions are based on the fact that the Staff lacks sufficient information at this stage of the review of the CMA application to determine whether the Firm meets all of the Standards of NASD Rule 1014, including, but not limited to, Rule 1014(a)(1), (3), (7), (10) and (13).

Mr. Ross Carmel
June 11, 2015
Page 2 of 3

Rule 1014(a)(1) requires that the Firm's CMA application and all supporting documents are complete and accurate. The Staff is in the process of reviewing the information and documentation provided in order to ascertain the Firm's compliance with this Standard, including but not limited to, details regarding the new owners of the Firm, changes to the Firm's supervisory and management structure, and the documentation presented with the application.

Rule 1014(a)(3) requires that the Firm and its Associated Persons are capable of complying with the federal securities laws, the rules and regulations thereunder, and FINRA and NASD Rules, including observing high standards of commercial honor and just and equitable principles of trade. Staff will require additional information to assess and review the regulatory history of the Firm, and its associated persons, including the individuals that will become associated or affiliated with the Firm, through ownership, employment, or otherwise, as a result of the proposed transaction identified in the CMA application.

Rule 1014(a)(7) requires that the Firm adequately demonstrate that it is capable of maintaining a level of net capital in excess of the minimum net capital requirements set forth in SEC Rule 15c3-1 in order to adequately support the Firm's intended business operations on a continuing basis, given the change in ownership, business expansion, and attendant increase in statutory net capital requirement. According to the application, funding to support the CMA will be obtained via temporary subordinated loans and contributions from current equity holders, which include individuals other than the two named proposed owners, Rocco Guidicipietro and John Amato. The Firm has not provided complete information and documentation to enable staff to determine, among other things, the wherewithal of these persons to fund the broker dealer going forward.

Rule 1014(a)(10) requires Staff to analyze the adequacy of the Firm's supervisory system, including, among other things: (i) the number, location, experience, and qualifications of the Firm's supervisory personnel vis-à-vis the number, location, experience and qualifications of the persons to be supervised; and (ii) whether each Associated Person identified in the Application to discharge a supervisory function has at least one year of direct experience or two years of related experience in the business activity to be supervised. As addressed above, the Firm will employ a new supervisory structure, and Staff will require additional information to evaluate the credentials of the proposed new supervisors. (Please note that a Membership Interview may be required during the application process, to assist Staff in assessing the Firm's proposed new ownership and management structure.)

Rule 1014(a)(13) requires the Staff to analyze whether the Firm may circumvent, evade or otherwise avoid compliance with the federal securities laws, the rules and regulations thereunder, and FINRA Rules. The Staff is in the process of reviewing all of the information and documentation provided in order to ascertain the Firm's compliance with this Standard.

Mr. Ross Carmel
June 11, 2015
Page 3 of 3


Should you have any questions, please contact Rogelio Francois, Principal Examiner, at 212-858-4138.

Sincerely,

*[signature]*

Leyna Goro
Associate Director
Membership Application Program

cc:   Jessica Cangiani, Principal Regulatory Coordinator, FINRA
      Daniel Ackerman, Examination Manager, FINRA