UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN J. AQUINO, CHAPTER 7 TRUSTEE,
By Its Assignee, Convergent Distributors of
Texas, LLC,

        Plaintiff,

        vs.

ALEXANDER CAPITAL, LP, JOSEPH
AMATO, ROCCO GUIDICIPIETRO, and
NESA MANAGEMENT, LLC,

        Defendants.

---

Case No.: 1:21-cv-01355-JSR

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

# Table of Authorities

**Rules**

Fed. R. Civ. P. 39 .................................................................................................................... 4

**Cases**

*Coraud LLC v. Kidville Franchise Co., LLC*, 109 F. Supp. 3d 615, 624 (S.D.N.Y. 2015) ........ 3, 4

*Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) ................ 3

*Meyer v. Kalanick*, 291 F. Supp. 3d 526, 529 (S.D.N.Y. 2018) ...................................................... 5

*Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977) ........................................ 3

Defendants Alexander Capital, LP ("Alexander Capital"), NESA Management, LLC, Joseph Amato, and Rocco Guidicipietro (Collectively "Defendants") hereby move to strike Plaintiff's jury demand improperly asserted in violation of the parties' prior contractual agreement.

I. Factual Background

In this action, Plaintiff is suing Defendants for contractual obligations allegedly owed to Inpellis, Inc. under an Engagement Agreement with respect to a proposed initial public offering ("IPO"). As this Court found in its July 8, 2022 Order on the parties' Cross Motions for Summary Judgment, the Engagement Agreement created certain contractual obligations, including that Inpellis agreed to reimburse Alexander Capital for incurred expenses, including due diligence expenses and the legal fees of counsel engaged by Alexander Capital in connection with the IPO. (Ex. A, July 29, 2014 Engagement Agreement; Ex. B, October 5, 2015 Amended and Restated Engagement Agreement.)

After withdrawing the IPO following the SEC's issuance of a stop order and initiation of an investigation into Inpellis, Inpellis failed to reimburse Alexander Capital for its incurred expenses as contracted under the Engagement Agreement, including the legal fees incurred by Alexander and owed to Greenberg Traurig, LLP for its work done in preparation of the IPO. (*See* July 8, 2022 Order, Dkt. 150 at 22 – 25, 43 – 45.) Subsequently, on November 14, 2016, Inpellis and Alexander Capital entered into a Settlement Agreement providing that Inpellis agreed to pay $125,000 to Greenberg Traurig to resolve Alexander Capital's claims for expense reimbursement. (Ex. C, November 14, 2016 Settlement Agreement.)

The November 14, 2016 Settlement Agreement contains the following additional provisions:

> §7. Voluntary Agreement. The Company and Alexander represent and warrant that they are, respectively, represented by legal counsel of

1

> §9. Entire Agreement; Binding Effect. This Agreement constitutes the entire and final agreement among the parties with respect to its subject matter and there are no agreements, understandings, warranties or representations among the parties with respect to its subject matter except as set forth herein. This Agreement shall inure to the benefit and bind the respective heirs, administrators, executors, representatives, successors and permitted assigns of the parties hereto.
>
> §16. Amendment. Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the parties against whom enforcement of the change, waiver, discharge, or termination is sought.
>
> §17. WAIVER OF JURY TRIAL. IN ANY ACTION, SUIT, OR PROCEEDING IN ANY JURISDICTION BROUGHT BY ANY PARTY AGAINST ANY OTHER PARTY, THE PARTIES EACH KNOWINGLY AND INTENTIONALLY, TO THE GREATEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND EXPRESSLY WAIVES FOREVER TRIAL BY JURY[.]

(starting from "their choice, are fully aware of the terms contained in this Agreement and have voluntarily and without coercion or duress of any kind, entered into this Agreement and the documents in connection with this Agreement.")

(Ex. C, November 14, 2016 Settlement Agreement.) The Settlement Agreement was executed by Jan Schlichtmann on behalf of Inpellis and by Rocco Guidicipietro on behalf of Alexander Capital. (*Id*.)

As a result of defaulting on the bridge loans it secured to finance the abandoned IPO, Inpellis was subject to a petition for involuntary bankruptcy in July 2018. (Ex. D, Bankruptcy Petition.) John J. Aquino was appointed as the bankruptcy Trustee of the Inpellis estate and instituted this adversary proceeding against Alexander Capital in the United States Bankruptcy Court for the District of Massachusetts on October 30, 2020, which was subsequently transferred to this Court. (*See* Dkt. 40, 4th Am. Compl. ¶ 1(a)(ii).) On November 18, 2020, the Trustee assigned

all rights in this action to Convergent Distributors of Texas, LLC, whose managing partner is Vic Lattimore, a creditor of BioChemics. (*Id.* ¶ 1(a)(iii).)

Plaintiff's Fourth Amended Complaint, like the three prior Complaints, contains a demand for jury trial despite the express waiver in the Settlement Agreement between Inpellis and Alexander Capital. (*Id.*)

II. Argument

Rule 39 of the Federal Rules of Civil Procedure authorizes the court, on motion, to strike a jury demand where the Court determines that there is no right to a jury trial under the circumstances. *See* Fed. R. Civ. P. 39(a)(2). "Issues on which a jury trial is not properly demanded are to be tried by the court." Fed. R. Civ. P. 39(b).

In light of the parties' "irrevocable" agreement waiving any right to jury trial, the Court should find that, by virtue of the contract, Plaintiff does not have a right to a jury trial in this case.

This Court has held that where a party has made a jury demand contrary to its agreement by contract to "irrevocably waive trial by jury," the plain language of the contractual waiver "requires the dismissal of the jury demand." *Coraud LLC v. Kidville Franchise Co., LLC*, 109 F. Supp. 3d 615, 624 (S.D.N.Y. 2015) (Rakoff, J.) "Although the right [to a jury trial] is fundamental and a presumption exists against its waiver, a contractual waiver is enforceable if it is made knowingly, intentionally, and voluntarily." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) (citing *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977)).

The Settlement Agreement between Inpellis and Alexander Capital contains an express jury trial waiver. Specifically, the provision states:

> §17. "WAIVER OF JURY TRIAL. IN ANY ACTION, SUIT, OR PROCEEDING IN ANY JURISDICTION BROUGHT BY ANY PARTY AGAINST ANY OTHER

PARTY, THE PARTIES EACH KNOWINGLY AND INTENTIONALLY, TO THE GREATEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND EXPRESSLY WAIVES FOREVER TRIAL BY JURY[.]"

(Ex. C, November 14, 2016 Settlement Agreement.) There is no serious question that the jury trial waiver provision in the Settlement Agreement is valid and enforceable in this case, given the nature of that agreement, the sophistication of the parties, and the surrounding circumstances.[1] The Trustee of the Inpellis bankruptcy estate filed this action against Alexander Capital asserting claims arising out of the failed IPO that led to the parties' entering into the Settlement Agreement. By entering into the Settlement Agreement with Alexander Capital, Inpellis "absolutely, unconditionally, irrevocably and expressly waive[d] forever trial by jury" in any action brought against Alexander Capital.[2] The Settlement Agreement states in two separate provisions that the parties knowingly and intentionally waived the right to jury trial. *See id.*; *see id.* at §7 (providing "[t]he Company and Alexander represent and warrant that they are, respectively, represented by legal counsel of their choice, are fully aware of the terms contained in this Agreement and have voluntarily and without coercion or duress of any kind, entered into this Agreement. . . .")

---

[1] Defendants have not waived the contractual jury waiver by submitting, together with Plaintiff, a joint proposed case management plan that designated this case as one to be tried by a jury. *See Coraud LLC v. Kidville Franchise Co., LLC*, 109 F. Supp. 3d at 624 (finding abandonment of a contractual jury waiver inappropriate where the delay in asserting the right to the waiver is minimal and the opposing party suffers no prejudice). Moreover, Under Section 16 of the Settlement Agreement, the jury waiver provision cannot itself be waived "except by an instrument in writing signed by the parties against whom enforcement of the change, waiver, discharge, or termination is sought." Finally, in paragraph 87 of their Answer, Defendants denied "Plaintiff is entitled to a trial by jury, as it waived that right pursuant to the Settlement Agreement executed on November 14, 2016." (Dkt. 56, Answer.)

[2] Pursuant to Section 9, the Settlement Agreement is binding on Convergent as assignee of the rights of the Trustee of the Inpellis bankruptcy estate.

Defendants are mindful of the principled respect given to the right to trial by jury as a central feature of the federal Constitution "reflecting the deep-seated view of the American people that the community is the best judge of justice," as recognized by this Court. *Meyer v. Kalanick*, 291 F. Supp. 3d 526, 529 (S.D.N.Y. 2018) (Rakoff, J.) ("[W]hile appellate courts still pay lip service to the "precious right" of trial by jury, and sometimes add that it is a right that cannot readily be waived, in actuality federal district courts are now obliged to enforce what everyone recognizes is a totally coerced waiver of both the right to a jury and the right of access to the courts - provided only that the consumer is notified in some passing way that in purchasing the product or service she is thereby 'agreeing' to the accompanying voluminous set of 'terms and conditions.' This being the law, this judge must enforce it - even if it is based on nothing but factual and legal fictions.") This, however, is not a case of David versus Goliath, where one party with superior bargaining power has forced its unwitting or unwilling opponent into a one-sided, take-it-or-leave-it contract to give up the constitutional right to jury trial. Rather, this case involves a knowing and voluntary contractual waiver negotiated at arms-length by savvy parties to a prior complex business deal gone awry. Mr. Schlichtmann, who executed the Settlement Agreement on behalf of Inpellis and agreed to the jury trial waiver, is an experienced attorney. Inpellis, likewise, was a sophisticated corporation formed and controlled by individuals with significant business acumen who were no strangers to litigation.

An order enforcing the jury trial waiver as requested by Defendants would impose no prejudice upon the Plaintiff, who unambiguously and irrevocably waived its right to a jury trial. No joint pretrial statement has been submitted, no voir dire questions have been propounded, no jury instructions have been submitted, and no other actions have been taken that would relate specifically to a trial by jury.

III.     Conclusion

For these reasons, Defendants respectfully request that the Court strike Plaintiff's jury demand and order that this action be tried before the Court, rather than to a jury, as the parties expressly agreed.

Respectfully submitted this 5th day of August 2022.

/s/ Bryan Ward
Bryan Ward (*Pro Hac Vice*)
Aaron Wright (*Pro Hac Vice*)
Holly Cole (*Pro Hac Vice*)
Holcomb + Ward, LLP
3455 Peachtree Road NE
Suite 500
Atlanta, Georgia 30326
404-601-2803
Bryan.Ward@holcombward.com
Aaron@holcombward.com
*Counsel for Defendants Alexander Capital LP, Joseph Amato, Rocco Guidicipietro, and NESA Management, LLC*