```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JOHN J. AQUINO,<br>Chapter 7 Trustee,<br>by his assignee, Convergent<br>Distributors of Texas, LLC,<br><br>    Plaintiff-Counter-<br>    Defendant,<br><br>        -v-<br><br>ALEXANDER CAPITAL, LP, and<br>its Managing Partners:<br>JOSEPH AMATO,<br>ROCCO GUIDICIPIETRO, and<br>NESA MANAGEMENT, LLC,<br><br>    Defendants-Counter-<br>    Claimants. | 21-cv-01355 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

During a 4/12/23 teleconference, plaintiff's counsel requested that this Court designate its prior summary judgment ruling on proximate causation and the damages plaintiff can seek at trial (Dkt. 150 at 39-45; Dkt. 164 at 3-12) and its decision to strike plaintiff's jury demand due to a contractual waiver (Dkt. 164 at 26-29) as "final judgments" under Fed. R. Civ. P. 54(b) such that plaintiff could take an immediate appeal of both rulings. In the alternative, plaintiff requested that current proceedings -- specifically, the trial set to begin on June 26 -- be stayed while plaintiff seeks mandamus relief. The Court explained to plaintiff's counsel that neither its summary

1

judgment ruling as to proximate causation and damages nor its subsequent decision to strike plaintiff's jury demand constituted final resolution of a "claim" such that designation of either interlocutory order as a "final judgment" as to some claim or party would make any sense and that plaintiff's request instead sounded more like an application to take an interlocutory appeal pursuant to 28 U.S.C. § 1292. But plaintiff's counsel explicitly disclaimed any intent to seek leave to take an interlocutory appeal, representing that plaintiff did not meet 28 U.S.C. § 1292's requirements. Notwithstanding the Court's significant doubts that plaintiff's application had any merit, the Court permitted plaintiff to file a written application of "no more than 7 pages" by 4/17/23. See Minute Entry dated 4/12/23.

Without seeking leave from Court to file extra pages -- and despite plaintiff's counsel's 4/12/23 email message acknowledging receipt of the Court's instruction that filings be limited to 7 pages (an instruction that was also posted to the docket) -- plaintiff filed a 3-page motion (Dkt. 165), a 22-page memorandum in support of his motion (Dkt. 166), and a 5-page "Bullet Point Summary of the Facts," id. at 27-31. Nearly all these pages merely repeat arguments about evidence this Court supposedly "did not consider." But see Opinion and Order, Dkt. 150 (considering precisely this evidence over some 69 pages resolving the parties' summary judgment motions); Memorandum Order, Dkt. 164 (again considering such evidence in the context of plaintiff's arguments for reconsideration).

Amidst all these improperly filed pages, plaintiff devotes just three paragraphs to the relief presently sought: namely, the designation of this Court's prior interlocutory decisions as "final judgments" under Fed. R. Civ. P. 54(b), or alternatively the stay of proceedings while plaintiff seeks mandamus relief. See Dkt. 166 at 17-18. Those paragraphs fail entirely to convince.

As to Rule 54(b), plaintiff emphasizes that designating partial summary judgment as a final judgment may allow for more efficient adjudication in some cases. Id. at 17. However, plaintiff fails entirely to address the point the Court already raised during the 4/12/23 teleconference: that Rule 54(b), by its plain terms, allows a court to "direct entry of a final judgment as to one or more, but fewer than all, *claims or parties* only if the court expressly determines that there is no just reason for delay. . . ." Fed. R. Civ. P. 54(b) (emphasis added). The rule further specifies that absent such designation, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Id.

Here, plaintiff's complaint relates not to the Court's final disposition of any claim (let alone all the claims as to a specific party). Instead, plaintiff chiefly protests the Court's prior rulings limiting the damages it can seek as to claims the Court *declined* to

3

finally resolve against plaintiff, see Dkt. 150 at 39-45; Dkt. 164 at 3-12, as well as the Court's decision to strike plaintiff's jury demand, Dkt. 164 at 26-29. The Court fails to understand what entering final judgment against plaintiff as to either issue would even mean, since such a supposedly "final" judgment would still fall short of fully resolving any particular claim for or against plaintiff. That is why the Court suggested, during the 4/12/23 teleconference, that plaintiff's application might more properly be styled as one for leave to take an interlocutory appeal pursuant to 28 U.S.C. § 1292. But, as discussed above, plaintiff acknowledged during the teleconference that he fails to meet the criteria for interlocutory appeal and his present papers make no argument whatsoever concerning it. As such, the Court denies plaintiff's motion to designate its prior interlocutory rulings concerning damages and plaintiff's jury demand as "final judgments" pursuant to Fed. R. Civ. P. 54(b).[1]

Similarly, plaintiff offers no compelling reason to stay proceedings while plaintiff pursues mandamus review with respect to the jury trial waiver. Trial in this case is not set to begin until June 26, leaving plaintiff ample time to apply for mandamus review should he wish to. Since the issues to be tried will remain the same

---

[1] Further, even assuming that either order *could* be designated as a final judgment, the Court would independently decline to do so. Trial is presently set for June 26, so plaintiff's opportunity to appeal at the end of this case is not far off. Plaintiff raises no compelling argument to disrupt the standard presumption against piecemeal appeals.

whether trial is before a jury or judge, any time spent preparing for trial will not be wasted even in the unlikely event plaintiff is successful. Moreover, plaintiff points to no error in this Court's prior determination that plaintiff clearly and unambiguously waived his right to a jury trial by virtue of a contractual provision with defendant Alexander Capital "absolutely, unconditionally, irrevocably, and expressly waiv[ing] forever trial by jury." Settlement Agreement ¶ 17, Dkt. 151-4; Memorandum Order at 26-30, Dkt. 164.[2]

For these reasons, plaintiff's motion for this Court to designate certain prior interlocutory rulings as final judgments or alternatively to stay proceedings is denied in its entirety. The Clerk is directed to close the motion (Dkt. 165) on the docket.

SO ORDERED.

New York, NY
April 24, 2023

JED S. RAKOFF, U.S.D.J.

---

[2] Plaintiff points to language in this Court's prior order stating this jury waiver "should be read more broadly" than plaintiff urged, apparently arguing that there is some tension between this language and caselaw stating that jury waivers should be strictly construed. Dkt. 166 at 20-21. However, this Court never stated in its prior ruling that the jury waiver provision specifically should be construed broadly where more narrow readings were plausible. Instead, the Court rejected plaintiff's implausibly narrow interpretation of the entire contractual agreement (including its jury waiver) as relating only to reimbursement expenses, rather than to a global resolution of claims between the parties. See Memorandum Order at 27-28, Dkt. 164. With this "broader" understanding of the entire scope of the relevant agreement in mind, the Court determined that the jury waiver provision plainly and unambiguously applied to the claims in this case. Id. It did not, as plaintiff appears to contend, read the already-broad jury waiver any more broadly than its terms plainly warranted.