UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌────────────────────────────────────┐
│ JOHN J. AQUINO,                      │
│ Chapter 7 Trustee,                   │
│ by his assignee, Convergent          │
│ Distributors of Texas, LLC,          │
│                                      │
│         Plaintiff-Counter-Defendant, │
│                                      │
│         -v-                          │
│                                      │
│ ALEXANDER CAPITAL, LP, and its       │
│ Managing Partners:                   │
│ JOSEPH AMATO,                        │
│ ROCCO GUIDICIPIETRO, and             │
│ NESA MANAGEMENT, LLC,                │
│                                      │
│         Defendants-Counter-Claimants.│
└────────────────────────────────────┘
```

21-cv-1355 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

By Order dated December 28, 2023, the Court granted defendants'
request for attorney's fees pursuant to Federal Rule of Civil Procedure
37(e)(1) as a sanction for plaintiff's role in the spoliation of
certain evidence electronically stored on an old computer server of
Inpellis (the "Inpellis Server"). *See* Opinion & Order (Dkt. 226), at
37-32. In that Order, the Court made clear that "[t]he fee award
w[ould] be strictly limited to fees directly caused by the spoliation"
and directed defendants to make a further written submission proving
the amount of such fees. *Id.* at 32. The Court also allowed plaintiffs
to file a response "challenging the amount of those fees." *Id.*

Before the Court is defendants' further submission establishing
the amount of attorney's fees incurred in connection with the
spoliation of the Inpellis Server. *See* Mot. for Attn. Fees (Dkt. 227).

Defendants seek $ 45,337.50 for 192.4 hours of work spent litigating defendants' motion to compel and related motions to address plaintiff's spoliation.

Plaintiff's response to the instant motion makes absolutely no mention of the reasonableness of defendants' fee request. *See generally* Pls. Opp. (Dkt. 229).[1] Instead, ignoring this Court's direction that plaintiff could file a response "challenging the amount of those fees," Opinion & Order (Dkt. 226), at 32, plaintiff attempts to relitigate not only the question of whether defendants are entitled to attorney's fees at all, but also a slew of other totally unrelated issues. The Court will not engage further with these arguments that it has either previously rejected or have been waived through plaintiff's failure to raise them in opposing defendants' underlying motion for fees.[2]

---

[1]    Plaintiff's former counsel, Jan Schlichtmann, signed plaintiff's response as an "interested party," notwithstanding the fact that Schlichtmann has been disqualified from the case without limitation. The Court already denied defendants' request for an award of attorney's fees against Schlichtmann personally, and so the Court is unable to fathom why Schlichtmann believes it was either lawful or appropriate to sign plaintiff's brief in this manner.

[2]    For example, plaintiff repeats its claim that defendants have failed to prove what relevant information was lost such that they were prejudiced as a result of the spoliation. *See* Pls. Opp. (Dkt. 229), at 18-20. Plaintiff ignores the advisory committee note to Rule 37(e)(1) making clear that "[t]he rule does not place a burden of proving or disproving prejudice on one party or the other" because "[d]etermining the content of lost information may be a difficult task in some cases, and placing the burden of proving prejudice on the party that did not lose the information may be unfair." Fed. R. Civ. P. 37 Advisory Committee Notes to 2015 Amendment. It is conceivable that, as plaintiff contends, defendants were able to reconstruct all of the information contained on the Inpellis server through third-party discovery, but that is nowhere near a forgone conclusion, and it is likely other information was lost and unrecoverable. Requiring

Having reviewed defendants' effectively unchallenged submission regarding the amount of fees requested, the Court finds the fees to be totally reasonable. Defendants have excluded from their request time spent conducting third-party discovery, as well as their and work with their financial expert in attempting to fill the gaps left by the plaintiff's spoliation, which might otherwise have been recoverable. Defendants have also calculated their fees using an hourly rate of between $225 to $300 per hour, which represents a substantial discount on the rates typically found to be reasonable in this District for similar types of complex commercial litigation. *See, e.g., CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 342 F.R.D. 84, 89 (S.D.N.Y. 2022) (collecting cases and finding hourly rates between $320 and $775 "comport with, and are in some cases even lower than, rates awarded in other complex commercial litigation cases in this District").

Accordingly, plaintiff is hereby ordered to pay defendants $45,337.50 in attorney's fees as a sanction pursuant to Federal Rule of Civil Procedure 37(e)(1). The payment must be made by March 1, 2024.

SO ORDERED.

New York, NY
February 1, 2024

JED S. RAKOFF, U.S.D.J.

---

defendants to prove exactly what was lost is precisely the kind of unfairness the advisory committee note warns against.