UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN J. AQUINO,
Chapter 7 Trustee,
by his assignee, Convergent
Distributors of Texas, LLC,

    Plaintiff-Counter-Defendant,

-v-

ALEXANDER CAPITAL, LP, and its
Managing Partners:
JOSEPH AMATO,
ROCCO GUIDICIPIETRO, and
NESA MANAGEMENT, LLC,

    Defendants-Counter-Claimants.

21-cv-1355 (JSR)

ORDER

---

JED S. RAKOFF, U.S.D.J.:

    On February 14, 2024, plaintiff filed a motion for a stay pending appeal of the Court's order awarding attorney's fees to defendant as a sanction for plaintiff's spoliation of certain evidence. *See* Dkt. 233. In determining whether to grant a stay pending appeal, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "[T]he first two factors are the most critical, and . . . both must be satisfied." *DiMartile v.*

1

*Hochul*, 80 F.4th 443, 456 (2d Cir. 2023) (internal citation and quotation marks omitted).

Here, to demonstrate a substantial likelihood of success on the merits of its appeal, plaintiff spends almost its entire motion repeating the same tired arguments this Court has repeatedly rejected. The Court need not rehash the myriad deficiencies in those arguments, however, because plaintiff's motion must be denied for a far more simple reason: plaintiff has utterly failed to show it will suffer an irreparable injury absent a stay. Plaintiff's only argument as to why it will suffer an irreparable injury is that "Plaintiff will be subjected to an undeserved monetary penalty." Mem. ISO Mot. to Stay (Dkt. 234), at 21. But an injury that can be remedied through an award of monetary damages is by definition not irreparable. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) ("Irreparable injury is one that cannot be redressed through a monetary award."). If plaintiff prevails on appeal, defendants can simply give the amount of the attorney's fee award back to plaintiff. Accordingly, plaintiff will not suffer any irreparable injury absent a stay and plaintiff's motion for a stay is hereby denied.[1]

---

[1] Plaintiff's suggestion that it will be irreparably injured because it will "be denied the benefit of the settlement which [it] entered" absent a stay, Mem. ISO Mot. to Stay (Dkt. 234), at 21, is simply a reframing of the same inadequate argument, because the only "benefit" from the settlement plaintiff would purportedly be deprived of is relief from the need to pay money.

SO ORDERED.

New York, NY
February 29, 2024

_____
JED S. RAKOFF, U.S.D.J.